# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re: §
§
NATHAN SANDS § Case No. 16-34413
§
Debtor §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 10/28/2016 . The undersigned trustee was appointed on 10/28/2016 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 25,106.17 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 3,814.16 |
| Bank service fees | | 0.00 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 21,292.01 |

The remaining funds are available for distribution.

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 03/01/2017 and the deadline for filing governmental claims was 04/26/2017 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 2,879.20 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 2,879.20 , for a total compensation of $ 2,879.20 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 21.80 , for total expenses of $ 21.80 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 01/29/2018                    By: /s/BRENDA PORTER HELMS, TRUSTEE
                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 16-34413 | JSB | Judge: | Janet S. Baer | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
|---|---|---|---|---|---|---|
| Case Name: | NATHAN SANDS | | | | Date Filed (f) or Converted (c): | 10/28/2016 (f) |
| | | | | | 341(a) Meeting Date: | 11/22/2016 |
| For Period Ending: | 01/29/2018 | | | | Claims Bar Date: | 03/01/2017 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 519 N. CARLTON AVE WHEATON IL 60187-0000 DUPAGE | 229,500.00 | 0.00 | | 0.00 | FA |
| 2. 1998 DODGE RAM 1500 MILEAGE: 99,000 | 1,325.00 | 0.00 | | 0.00 | FA |
| 3. 1999 DUCATI 99 ST4 MILEAGE: 15,000 | 2,390.00 | 0.00 | | 0.00 | FA |
| 4. Household goods | 700.00 | 0.00 | | 0.00 | FA |
| 5. WORK CLOTHING | 225.00 | 0.00 | | 0.00 | FA |
| 6. CHASE - checking account | 450.00 | 0.00 | | 0.00 | FA |
| 7. 5/3 BANK - checking account | 2,100.00 | 0.00 | | 0.00 | FA |
| 8. CHASE FRANKLIN TEMPLETON MUTUAL FUNDS | 680.00 | 0.00 | | 0.00 | FA |
| 9. IRA-WMA SECURITIES WESTERN RESERVE | 3,000.00 | 0.00 | | 0.00 | FA |
| 10. WESTERN RESERVE LIFE INSURANCE  Trustee recovered cash surrender value of life insurance policy net of Debtor's claimed exemption (see Ex. A to Motion to Pay Administrative Expense [dkt 21]). | 20,183.18 | 18,633.18 | | 25,106.17 | FA |
| 11. FOR BUILDING MAINTENANCE ENGINEERING JOB | 1,500.00 | 0.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $262,053.18 | $18,633.18 | | $25,106.17 | $0.00 |

(Total Dollar Amount in Column 6)

___

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

Case 16-34413    Doc 23    Filed 02/15/18    Entered 02/15/18 10:06:51    Desc Main
Document      Page 4 of 11

Exhibit A

1/29/18: Trustee confirmed that Debtor made post-petition premium payments of $3,814.16 in order to prevent the policy from lapsing. Trustee also confirmed that the post-petition premium payments advanced by Debtor were included within the non-exempt policy proceeds turned over to the Estate. Pursuant this Court's order dated December 1, 2017 [dkt 22], Trustee was authorized to reimburse the Debtor for the post-petition premium payments made in the amount of $3,814.16.

9/30/17:  Trustee made demand upon life insurance company for a turnover of the non-exempt cash value in the account.  Trustee reviewed claims and prepared her TFR.

Subsequently, Debtor advised he had paid into the policy post petition and requests an administrative claim for those payments.  Trustee has requested specifics and proof of payment.

Initial Projected Date of Final Report (TFR): 09/15/2017          Current Projected Date of Final Report (TFR): 03/30/2018

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 16-34413 | Trustee Name: BRENDA PORTER HELMS, TRUSTEE |
| Case Name: NATHAN SANDS | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX3870 |
| | Checking |
| Taxpayer ID No: XX-XXX3904 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 01/29/2018 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/16/17 | 10 | Transamerica Premier Life Ins | proceeds of life insurance policy | 1129-000 | $25,106.17 | | $25,106.17 |
| 12/29/17 | 101 | Nathan Sands | per court order entered 12/1/17 [dkt 22] Reimbursement of post-petition premiums paid by Debtor to prevent life insurance policy from lapsing | 2990-000 | | $3,814.16 | $21,292.01 |

| | | |
|---|---|---|
| COLUMN TOTALS | $25,106.17 | $3,814.16 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $25,106.17 | $3,814.16 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $25,106.17 | $3,814.16 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*            Page Subtotals:            $25,106.17            $3,814.16

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX3870 - Checking | $25,106.17 | $3,814.16 | $21,292.01 |
|  | $25,106.17 | $3,814.16 | $21,292.01 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $25,106.17 |
| Total Gross Receipts: | $25,106.17 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 16-34413
Debtor Name: NATHAN SANDS
Claims Bar Date: 3/1/2017

Date: January 29, 2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | THE HELMS LAW FIRM PC<br>3400 W. LAWRENCE AVENUE<br>CHICAGO, IL 60625 | Administrative | | $0.00 | $2,879.20 | $2,879.20 |
| 100 2200 | THE HELMS LAW FIRM PC<br>3400 W. LAWRENCE AVENUE<br>CHICAGO, IL 60625 | Administrative | Service costs for NFR and Trustee's Motion to Allow Administrative Expense | $0.00 | $21.80 | $21.80 |
| 100 2990 | Nathan Sands | Administrative | Administrative claim for post-petition insurance premiums paid by Debtor allowed per order 12/1/17 [dkt 22] | $0.00 | $3,814.16 | $3,814.16 |
| 1 300 7100 | COMMERCE BANK<br>P O BOX 419248<br>KCREC-10<br>Kansas City, MO 64141-6248 | Unsecured | | $19,238.60 | $19,238.60 | $19,238.60 |
| 2 300 7100 | DISCOVER BANK<br>DISCOVER PRODUCTS INC<br>POB 3025<br>NEW ALBANY OHIO 43054-3025 | Unsecured | | $1,375.43 | $1,267.39 | $1,267.39 |
| 3 300 7100 | STATE FARM BANK<br>C/O BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN PA 19355-0701 | Unsecured | | $12,153.34 | $12,263.28 | $12,263.28 |
| 4 300 7100 | AMERICAN EXPRESS CENTURION BANK<br>C/O BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN PA 19355-0701 | Unsecured | | $1,827.88 | $1,943.77 | $1,943.77 |
| 5 300 7100 | U.S. BANK NATIONAL ASSOCIATION<br>BANKRUPTCY DEPARTMENT<br>PO BOX 108<br>ST. LOUIS, MO 63166-0108 | Unsecured | | $12,827.58 | $12,147.42 | $12,147.42 |
| 6 300 7100 | CAVALRY SPV I, LLC<br>BASS & ASSOCIATES, P.C.<br>3936 E. FT. LOWELL ROAD, SUITE #200<br>TUCSON, AZ 85712 | Unsecured | | $286.43 | $348.29 | $348.29 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 16-34413  
Debtor Name: NATHAN SANDS  
Claims Bar Date: 3/1/2017  
Date: January 29, 2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 7<br>300<br>7100 | WELLS FARGO<br>WF BUSINESS DIRECT<br>P.O. BOX 29482<br>PHOENIX, AZ 85038-8650 | Unsecured | | $1,895.04 | $1,833.65 | $1,833.65 |
| | Case Totals | | | $49,604.30 | $55,757.56 | $55,757.56 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 2     Printed: January 29, 2018

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 16-34413  
Case Name: NATHAN SANDS  
Trustee Name: BRENDA PORTER HELMS, TRUSTEE  

| | |
|---|---:|
| Balance on hand | $ 21,292.01 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Trustee Fees: THE HELMS LAW FIRM PC | $ 2,879.20 | $ 0.00 | $ 2,879.20 |
| Trustee Expenses: THE HELMS LAW FIRM PC | $ 21.80 | $ 0.00 | $ 21.80 |
| Other: Nathan Sands | $ 3,814.16 | $ 3,814.16 | $ 0.00 |

| | |
|---|---:|
| Total to be paid for chapter 7 administrative expenses | $ 2,901.00 |
| Remaining Balance | $ 18,391.01 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 49,042.40 have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 37.5 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | COMMERCE BANK | $ 19,238.60 | $ 0.00 | $ 7,214.52 |
| 2 | DISCOVER BANK | $ 1,267.39 | $ 0.00 | $ 475.27 |
| 3 | STATE FARM BANK | $ 12,263.28 | $ 0.00 | $ 4,598.76 |
| 4 | AMERICAN EXPRESS CENTURION BANK | $ 1,943.77 | $ 0.00 | $ 728.92 |
| 5 | U.S. BANK NATIONAL ASSOCIATION | $ 12,147.42 | $ 0.00 | $ 4,555.31 |
| 6 | CAVALRY SPV I, LLC | $ 348.29 | $ 0.00 | $ 130.61 |
| 7 | WELLS FARGO | $ 1,833.65 | $ 0.00 | $ 687.62 |

Total to be paid to timely general unsecured creditors    $    18,391.01

Remaining Balance    $    0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE